UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

---

**PREMIUM SPORTS INC.,**

                                                                **COMPLAINT**
                                                                 Civil Action No.

              Plaintiff,

-against-

LIAM KELLY and MAURICE COLLINS, Individually,
and as officers, directors, shareholders, principals,
managers and/or members of SNUGBAR LLC d/b/a
CON MURPHY'S IRISH PUB,

and

SNUGBAR LLC d/b/a CON MURPHY'S IRISH PUB,

              Defendants.

---

Plaintiff, Premium Sports Inc., (hereinafter "Plaintiff"), by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of the Defendants herein respectfully sets forth and alleges, as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 47 U.S.C. §§ 553, 605, et seq.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3. Upon information and belief, venue is proper in this court because, inter alia, a

substantial part of the events or omissions giving rise to the claim occurred within Philadelphia County, which is within the Eastern District of Pennsylvania (28 U.S.C. § 1391(b) and 28 U.S.C. §118(a)).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or had independently transacted business in the Commonwealth of Pennsylvania and certain activities of Defendants giving rise to this action took place in the Commonwealth of Pennsylvania; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals took place within the Commonwealth of Pennsylvania. Moreover, upon information and belief, Defendants have their principal place of business within the Commonwealth of Pennsylvania; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5. The Plaintiff is a California corporation with its principal place of business located at 170 Columbus Avenue, Suite 210, San Francisco, CA 94133.

6. Plaintiff is the owner of the GAA Finals: Kerry vs. Galway PPV Event scheduled for July 24, 2022, via closed circuit television, encrypted satellite, cable or other streaming transmission (hereinafter referred to as the "Broadcast").

7. Upon information and belief the Defendant, LIAM KELLY, resides at 2808 Cambridge St, Philadelphia, PA 19130.

8. Upon information and belief the Defendant, MAURICE COLLINS, resides at 201 E Pratt St, Ste. 2005, Baltimore, MD 21202.

9. Upon information and belief the Defendants, LIAM KELLY and MAURICE COLLINS, were the officers, directors, shareholders, principals, managers and/or members of SNUGBAR LLC d/b/a CON MURPHY'S IRISH PUB located at 1700 Benjamin Franklin Pkwy, Philadelphia, PA 19103.

10. Upon information and belief the Defendants, LIAM KELLY and MAURICE COLLINS, were the individuals with supervisory capacity and control over the activities occurring within the establishment known as SNUGBAR LLC d/b/a CON MURPHY'S IRISH PUB, located at 1700 Benjamin Franklin Pkwy, Philadelphia, PA 19103.

11. Upon information and belief the Defendants, LIAM KELLY and MAURICE COLLINS, received a financial benefit from the operations of SNUGBAR LLC d/b/a CON MURPHY'S IRISH PUB, on July 24, 2022.

12. Upon information and belief the Defendants, SNUGBAR LLC d/b/a CON MURPHY'S IRISH PUB, were the individuals with close control over the internal operating procedures and employment practices of SNUGBAR LLC d/b/a CON MURPHY'S IRISH PUB, on July 24, 2022.

13. Upon information and belief the Defendant, SNUGBAR LLC is a limited liability company licensed to do business in the Commonwealth of Pennsylvania and was doing business as CON MURPHY'S IRISH PUB.

14. Upon information and belief, the Defendant, SNUGBAR LLC d/b/a CON

MURPHY'S IRISH PUB, is located at 1700 Benjamin Franklin Pkwy, Philadelphia, PA 19103, and had a capacity for 1-50 people on July 24, 2022.

15. Upon information and belief, Defendant, *jointly and severally,* advertised on social media, including but not limited to the Establishment's Facebook & Instagram pages, for the exhibition of Plaintiff's Broadcast within the commercial establishment known as CON MURPHY'S IRISH PUB. Please see Exhibit "A" attached hereto.

16. Upon information and belief, the Defendant SNUGBAR LLC d/b/a CON MURPHY'S IRISH PUB, is a business entity, having its principal place of business at 1700 Benjamin Franklin Pkwy, Philadelphia, PA 19103.

17. Upon information and belief, Defendant, *jointly and severally*, received a commercial benefit by not paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative means.

## COUNT I

18. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "17," inclusive, as though set forth herein at length.

19. Plaintiff is the owner of the GAA Finals: Kerry vs. Galway PPV Event scheduled for July 24, 2022, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

20. Plaintiff's Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

21. Plaintiff, for a licensing fee, entered into licensing agreements with various

entities in the Commonwealth of Pennsylvania, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorizes and enables subscribers to unscramble and receive the satellite Broadcast.

22. The Broadcast was also available for non-commercial, private viewing through Plaintiff or its authorized online platforms for residential Pay-Per-View purchase and consumption via the internet. Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming online, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

23. In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non-commercial, personal use only**.

24. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's satellite signal and did exhibit the Broadcast SNUGBAR LLC d/b/a CON MURPHY'S IRISH PUB located at 1700 Benjamin Franklin Pkwy, Philadelphia, PA 19103 at the time of its transmission willfully

and for purposes of direct or indirect commercial advantage or private financial gain.

25. Upon information and belief, Plaintiff alleges that Defendants effected unauthorized interception and receipt of Plaintiff's Broadcast by ordering programming for residential use and subsequently displaying the programming in the commercial establishment known as SNUGBAR LLC d/b/a CON MURPHY'S IRISH PUB for commercial gain and without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

26. Upon information and belief, Defendant and/or her agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated, via closed circuit television, encrypted satellite, cable or other streaming transmission (hereinafter referred to as the "Broadcast").

. There are multiple illegal and unauthorized methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment, de-crypt, unscramble and receive the closed circuit, "IPTV", cable or satellite Broadcast; (2) commercially misusing residential cable, satellite or streaming by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained cable box, satellite receiver from a private residence, into a business. Or otherwise retransmitting a residential signal of the Broadcast a commercial establishment using, live sharing, NFC, or other sharing technologies, including, but not limited to Apple TV, screen sharing, social media streaming or screen casters such as

Camera Fi, Restream or similar emerging technology. The misuse of new streaming technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of the above described methods would allow Defendant to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the manner in which Defendant obtained the Broadcast. However, it is logical to conclude that Defendant utilized one of the above described methods or another to intercept and exhibit the Broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

27. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

28. By reason of the aforementioned conduct, the aforementioned Defendant willfully violated 47 U.S.C. §605 (a).

29. By reason of the aforementioned Defendants' violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

30. As a result of the aforementioned Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) which allows for a recovery between $1,000 and $10,000 in the courts discretion and §605(e)(3)(C)(ii) for enhanced damages upon a showing of willfullness in an amount up to the maximum amount of $110,000.00 as to each

Defendants.

31. Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

32. Plaintiff hereby incorporates paragraphs "1" through "31" as though fully set forth herein.

33. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or their agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

34. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

35. Upon information and belief, the Defendant individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

36. By reason of the aforementioned conduct, all of the aforementioned Defendant willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

37. As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## VI. REQUEST FOR INJUNCTIVE RELIEF

38. Plaintiff realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates such allegations as if fully set forth herein.

39. Plaintiff further alleges that unless restrained by this Court, Defendants will continue to receive, intercept, transmit, and exhibit its programming, illegally and without authorization, in violation of 47 U.S.C. §605 and §553.

40. The violations of 47 U.S.C. §605 and §553 set forth above have caused and will continue to cause Plaintiff irreparable harm.

41. Plaintiff cannot practicably determine the loss of subscribers and lost revenues resulting from Defendants' unlawful conduct. In addition to diminishing Plaintiff's revenues, Defendants' unlawful conduct injures Plaintiff's reputation and goodwill as well as its ability to attract and finance the future acquisition, production, and distribution of quality programming, thereby impairing Plaintiff's ability to enhance its future growth and profitability.

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against the Defendant, *jointly and severally,* granting to Plaintiff the following:

(a) Declare that Defendant's unauthorized exhibition of the July 24, 2022, GAA Finals: Kerry vs. Galway PPV Event Broadcast**,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain**,** as Defendant advertised and subsequently displayed Plaintiff's Broadcast.

(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, for a recovery between $1,000 and $10,000 as to each Defendant pursuant to 47 U.S.C. §605 and enhanced damages of up to $100,000.00 for each defendant, *jointly and severally*, for their willful violation of 47 U.S.C. §605; and

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up to the maximum amount of $10,000.00 as to each Defendant for their violation of 47 U.S.C. §553 and enhanced damages of up to $50,000.00 for their willful violation of 47 U.S.C. §553.

(d) An injunction prohibiting defendants from receiving, transmitting, and exhibiting Plaintiff's programming.

(e) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii); and

(f) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. §553 (c) (2)(C).

Dated:   December 19, 2022
            Ellenville, New York

                                        **PREMIUM SPORTS INC.**

                                        By:  /s/Wayne D. Lonstein
                                        WAYNE D. LONSTEIN, ESQ.
                                        PA Bar #48809
                                        Attorney for Plaintiff
                                        LONSTEIN LAW OFFICE, P.C.
                                        190 South Main Street: P.O. Box 351
                                        Ellenville, NY  12428
                                        Tel:  (845) 647-8500
                                        Fax:   (845) 647-6277
                                        Email: Legal@signallaw.com
                                        *Our File No. PSI22-03PA-01*